UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY E. TORRES,<br><br>                              Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                              Defendants. | Civil No.   05cv0182-DMS (CAB)<br><br>**ORDER:**<br>**1)   DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL [Doc. No. 52];**<br>**2)   DENYING PLAINTIFF'S REQUEST FOR EXPERT WITNESSES [Doc. No. 60]; and,**<br>**3)   DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF A PARALEGAL AND A PRIVATE INVESTIGATOR [Doc. No. 64]** |

      Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983, alleging that he was locked in his cell for 11 months without any outside exposure and exercise. Plaintiff alleges that being locked in his cell without any outside exercise caused him to gain weight, caused his blood pressure to rise and caused him to experience stress. Before the Court are several requests recently filed by Plaintiff.

**I. Request for Appointment of Counsel**

      As an initial matter, the Court notes that Plaintiff has filed a request for appointment of counsel three times already in this case, and the Court denied the request all three times. [Doc. Nos. 5, 14 & 40.] Plaintiff's current request, filed September 12, 2006, restates the same information and arguments as the previous requests. [Doc. No. 52.] Plaintiff indicates that he has unsuccessfully tried to obtain counsel on his own and that he is on medication for bipolar disorder.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, it appears that Plaintiff has a sufficient grasp of his case and the legal issues involved, and is able to adequately articulate the basis of his complaint.  In addition, Plaintiff has not shown a likelihood of success or that the complexity of the case requires appointment of counsel.  Under these circumstances, Plaintiff's request for appointment of counsel is **DENIED**, because it is not warranted by the interests of justice. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

**II.  Request for Expert Witnesses**

On October 17, 2006, Plaintiff filed a request for expert witnesses.  [Doc. No. 60.]  In the request, Plaintiff asks for impartial expert witnesses, including a medical doctor, a psychologist, a psychiatrist, and a fitness expert, who can testify on his behalf.  He also requests the opportunity to interview these expert witnesses.

Title 28, United States Code, section 1915, authorizes federal courts to permit commencement of suit without prepayment of fees and costs upon a showing of indigency and allows indigents who are unable to pay the entire filing fee upon filing to pay in installments. 28 U.S.C. § 1915(a)&(b). Section 1915 does not authorize or require federal courts to finance or subsidize a civil action or appeal by paying expert fees or other costs. *Hadsell v. Internal Revenue Service*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993).  Federal courts do have authority to appoint experts under Federal Rule of Evidence 706(a).  Experts appointed by the courts in civil actions must be "paid by the parties in such proportion and at such time as the court directs."  Fed. R. Evid. 706(b).

Where there are complex and/or compelling circumstances and one party is indigent, federal

courts do have discretion to appoint an expert and apportion all of the costs to an opponent "when the expert would significantly help the court." *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated on other grounds sub nom.*, *Helling v. McKinney*, 502 U.S. 903 (1991). Expert testimony is not essential in every case alleging a violation of the Eighth Amendment. *Ledford v. Sullivan*, 105 F.3d 354, 358-60 (7th Cir. 1997). Allegations of mistreatment and the question of whether a defendant prison official disregarded a substantial risk to an inmate plaintiff's health or safety do not always "demand that the jury consider probing, complex questions concerning medical diagnosis and judgment. The test for deliberate indifference is not as involved as that for medical malpractice, an objective inquiry that delves into reasonable standards of medical care." *Id*. at 359.

Here, Plaintiff alleges psychological and physical suffering due to the indifference of prison officials' decision to restrict his access to physical exercise. It is apparent from Plaintiff's request that he is seeking the appointment of at least four expert witnesses. Without more, however, the facts alleged do not appear to be so complex that the trier of fact could not make a fair determination of the key issues without the aid of expert witnesses appointed by the Court. Accordingly, the Court finds it would not be appropriate to appoint any expert witnesses at this time, and Plaintiff's request is **DENIED**.

### III. Request for Appointment of Paralegal and Private Investigator

On October 17, 2006, Plaintiff also filed a request for appointment of a paralegal and a private investigator. [Doc. No. 64.] Plaintiff wishes to have a paralegal and private investigator visit him in prison, assist him on his case and provide him with "any and all" legal supplies that he may need. Plaintiff argues a paralegal and private investigator is needed so he can represent himself to the fullest in this matter.

The Court construes Plaintiff's request for a paralegal as a request for an appointment of counsel. As discussed above, the Court finds that Plaintiff appears to have sufficient grasp of his case and the legal issues involved, and that he is able to adequately articulate the basis of his claim. Moreover, Plaintiff has already successfully survived the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b), Plaintiff has successfully effected service of his pleadings upon Defendants via the U.S. Marshal, and Plaintiff successfully defeated Defendants' motion to dismiss. Therefore, appointment of an attorney or a paralegal is not warranted under these circumstances, and Plaintiff's request for

1  appointment of a paralegal is **DENIED**.

2  Further, as discussed above, even though Plaintiff is proceeding *in forma pauperis*, the Court is
3  not required to finance or subsidize his case by paying for such services as a paralegal or private
4  investigator. *Hadsell v. Internal Revenue Service*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990
5  F.2d 478, 480 (9th Cir. 1993). Nor does Plaintiff have an unlimited right to access the prison's library or
6  legal supplies. *Lewis v. Casey*, 518 U.S. 343. Plaintiff's request for a private investigator is also
7  **DENIED**.

8  **IT IS SO ORDERED.**

9  DATED: October 24, 2006

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge