UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY E. TORRES,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>　　　　　　　　　　　Defendants. | Civil No.   05cv0182-DMS (CAB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND DIRECTING DEFENDANT'S COUNSEL TO PROVIDE THE LAST KNOWN ADDRESS OF DEFENDANTS B. EARLY AND D.M. BARNES**<br><br>**[Doc. No. 71]** |

　　　Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983.  On October 24, 2006, Plaintiff filed a "motion to compel the whereabouts of B. Early and D.M. Barnes. [Doc. No 72.]  Plaintiff seeks the addresses of these two defendants so that he can serve them with his complaint and requests that this Court direct the California Attorney General's office to release the whereabouts of Defendants Early and Barnes.

　　　"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service . . . ."  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service of process is automatically good cause within the meaning of Fed. R. Civ. P. 4(m).  *See Walker v.*

*Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).[1]  Here, Plaintiff has sufficiently identified D.M. Barnes and B. Early as employees of R.J. Donovan Correctional Facility ("Donovan") during the time he was imprisoned there.  The proof of service indicates that D.M. Barnes is no longer an employee of Donovan, and that B. Early has retired from state service. [Doc. No. 16.]  **As long as the privacy of the Defendants' forwarding address can be preserved**, Plaintiff is entitled to rely on the U.S. Marshal to effect service upon these two Defendants on his behalf.  *See Puett*, 912 F.2d at 275.

Accordingly, the Court **GRANTS** Plaintiff's motion to compel [Doc. No. 72] and **ORDERS** the Deputy Attorney General assigned to this case to provide the forwarding address for Defendants D.M. Barnes and B. Early to the U.S. Marshal in a **confidential memorandum** indicating that the summons and complaint is to be delivered to that address.  The Deputy Attorney General shall provide the U.S. Marshal with any such information on or before **November 9, 2006**.

Within 45 days of receipt of any available address from the Attorney General's office, the Court **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's First Amended Complaint and summons upon Defendants Barnes and Early.  All costs of service shall be advanced by the United States pursuant to the Court's August 1, 2005 Order granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(2). [Doc. No. 10].

The Attorney General's office and the Office of the U.S. Marshal are **ORDERED** to keep the addresses provided for the Defendants strictly confidential.  Thus, the addresses *shall not* appear on any U.S. Marshal Form 285, *shall not* be provided to Plaintiff, and *shall not* be made part of the Court's record.

DATED:  October 26, 2006

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

---

[1] Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend time for service for an appropriate period." Fed. R. Civ. P. 4(m).