UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY E. TORRES,<br><br>                              Plaintiff,<br><br>        v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>                              Defendants. | Civil No.   05cv0182-DMS (CAB)<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION TO COMPEL AS PREMATURE**<br><br>**[Doc. No. 62]** |

   Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983. On October 17, 2006, Plaintiff filed a motion to compel discovery from Defendants. [Doc. No 62.] The Court then issued a briefing schedule, giving Plaintiff a deadline to file his memorandum of points and authorities and Defendants a deadline to file their opposition. [Doc. No. 68.] Plaintiff filed his memorandum of points and authorities on November 8, 2006. Thereafter, Defendants filed an "opposition," informing the Court that Plaintiff has not followed proper discovery procedures. [Doc. No. 81.] According to Defendants, Plaintiff never actually served the discovery requests on Defendants and never attempted to meet and confer. Therefore, Plaintiff's motion to compel is DENIED AS PREMATURE. The motion is denied without prejudice to Plaintiff refiling the motion to compel once he has complied with this Court's discovery procedures.

   The Court directs Plaintiff to the following mandatory rules of discovery, with which he must comply:

   1.      Plaintiff should not file discovery requests with the Court. Plaintiff must serve discovery

requests directly upon Defendant. *See e.g.,* Fed. R. Civ. P. 33(a) ("... any party may serve on any other party written interrogatories ...."); *see also* Civ. L.R. 33.1(c) ("Unless filing is ordered by the court on motion of a party or upon its own motion, interrogatories, requests for production and the answers thereto need not be filed unless and until they are used in the proceedings.").

2. If Plaintiff believes Defendants' responses to be inadequate, Plaintiff may move to compel discovery *only after meeting and conferring, or attempting to meet and confer, with Defendants*. *See* Fed. R. Civ. P. 37(a)(2)(A) & Civ. L.R. 26.1(a). Because Plaintiff is currently incarcerated, Plaintiff may satisfy the meet and confer requirement by a letter to Defendants' attorney. The letter should lay out clearly what discovery Plaintiff wants and why he believes Defendants' responses were inadequate.

3. Only after meeting and conferring with Defendants' counsel regarding any discovery dispute can Plaintiff file a discovery motion with this Court, and the Court will issue a briefing schedule. Any discovery motion filed by Plaintiff should be accompanied by a declaration indicating that he has satisfied the meet and confer requirement. *See* Civ. L.R. 26.1(b).

Defendants' counsel is advised that, once Plaintiff has filed a discovery motion, if Plaintiff has not complied with the Court's discovery procedures, counsel shall notify the Court immediately, rather than waiting until the date Defendants' opposition is due.

**IT IS SO ORDERED.**

DATED: November 14, 2006

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge